THE FIRST BAPTIST CHURCH OF THE CITY OF ATCHISON
v. CHARLES SIGWALD.

BUILDING CONTRACT — *Performance* — *Denial* — *Counterclaim* — *Reply* — *No Error*.  In an action on a building contract the plaintiff alleges full performance; the defendant denies strict performance, and sets up a counterclaim for damages for non-performance; the plaintiff replies, excusing strict performance; on the trial all the controversy on both sides is determined by the jury.  In this state of the pleadings it was not error in the trial court to allow the plaintiff to prove the amount due him on the contract, and the defendant to prove damages for non-performance, as the counterclaim and reply put those questions in issue.

*Error from Atchison District Court.*

ACTION by *Sigwald* against *The Church,* to recover $1,072.90, alleged to be due plaintiff upon a certain building contract.  On October 22, 1886, judgment for plaintiff, for $881.43.  The defendant brings the case here.  The material facts appear in the opinion.

*Bailey & Baldwin,* for plaintiff in error.

*C. F. Cochran,* and *L. F. Bird,* for defendant in error.

Opinion by SIMPSON, C.:  The petition filed by the plaintiff below contains the following averments:

"That in full compliance therewith, and under the terms and conditions of said written contract and specifications, this plaintiff did, according to the terms and conditions thereof, furnish all material and labor necessary thereunto, and as by said written contract required of him, and build, finish, erect and complete the church edifice aforesaid, and that said church and the trustees thereof, on the first day of October, 1885, received the same of the plaintiff, and have ever since had possession of and occupied the same; that he complied with all the terms and conditions of the contract on his part; that any delay in the completion was caused by the failure of the defendants to furnish certain glass and other material promptly, as it was their duty to do under the contract."

He avers that he did extra work which was accepted by the defendant and its trustees, and seeks to recover therefor. He alleges a full compliance with all the terms and conditions of the written contract, except as to the time within which the building was to be completed, and in excuse for that, he claims that the delay was occasioned by non-performance of the other party, respecting matters which it was its duty to perform.

The plaintiff below brought his action to recover a balance he claimed to be due him on a contract for the construction of a building for the First Baptist church of the city of Atchison. The following provisions are embodied in the building contract, and are the subject of the controversy here:

"1st. For the erection and full completion of the church building agreeably to the plans, designs, drawings, specifications and details to be made, and this indenture shall form a part thereof, as prepared for the said works by E. C. Nichols, architect and superintendent of said church, assisted by the trustees, whose power as assistants shall be respected, and to the satisfaction and under the supervision of the aforesaid architect and trustees, as advisory with said architect and superintendent.

"2d. The balance to be paid to said contractor by the parties of the second part sixty days after the full and entire completion of said church building, and the same accepted by the architect and said trustees.

"3d. Should the trustees, through their architect, at any time during the progress of said building, require any alterations of, deviations from, additions to, or omissions in the contract, they shall have the right and power, through their architect, to make such changes, and the same shall in no way make void or improperly affect the contract, but the difference for work omitted shall be deducted from the amount of the contract, by a fair and reasonable valuation; and for additional work required in alteration, the amount shall be agreed upon by the parties in interest, before such changes can be done or made."

"5th. Should any dispute arise respecting the true construction or meaning of the drawings, details, specifications, and this agreement, the same shall be decided by the architect, and his decision to be conclusive and final.

"6th. No new work of any description done on the build-

ing, or work of any kind whatsoever, shall be considered as extra unless the same shall be presented to the trustees and their architect in writing, by contractor, and their signature obtained thereto, then said extra work shall be allowed."

Plaintiff declares in substance, that he has fully performed all of his part. The church answers, first, alleging non-performance on his part; and second, setting up a counterclaim in behalf of the church for damages occasioned by the delay in the completion, defects in the construction of the roof, reductions from the contract-price by reason of certain changes in the construction of the doors and partition in the basement, in the main stairway, and in the front entrance, and in the inferior character of the plastering. The church also claims damages by reason of the non-completion of thirty-two windows, as required by the plans and specifications; by a refusal to put in a nickel-plated stairway rail, and certain heavy wall brackets; for the imperfect and unworkmanlike manner in which the door frames to the front entrances are constructed; for a defect in the front foundation wall; for a weakening of the walls by breaking out portions thereof to place rafters on; for an insecure fastening of a weather vane on the spire of said church building, and other matters, and prays a judgment against the plaintiff for over $4,000.

The reply alleges the arbitrary refusal of the architect, influenced by a trustee of the church, to give the plaintiff a certificate of completion, or to state wherein the material furnished or the workmanship is deficient; that the extra work was performed on the order of the architect; and that the plaintiff was not responsible for the delay in the completion, but that such delay was caused by the church not furnishing material promptly, as it was its duty under the contract to do.

The first question to be determined is, what matters are put in issue by these pleadings? The plaintiff pleads performance; the defendant answers non-performance, and then claims damages for it; the plaintiff replies, excusing his non-performance. The plaintiff departs from his claim of full per-

formance in his petition, and pleads excuses for his failure in his reply. The defendant pleads non-performance in the answer, but claims damages for it in the same pleading. Thus both sides have opened the doors for a full and free investigation, and both want all the equities tried and determined.

As the plaintiff declared on the contract and alleged full performance, the defendant might have relied on the plea of non-performance as a complete defense to the action, but it went further by its counterclaim, and practically abandoned all defenses based on the mere fact of non-performance. The case was tried by a jury on this theory, and both sides proved all they could with reference to a substantial compliance on the one hand, and damages for non-performance of the conditions of the contract on the other. The facts as developed by the evidence, justified the special findings and general verdict of the jury; and as substantial justice has been done, we are not disposed to criticise the pleadings, or to express dissatisfaction with the theory upon which the case was tried.

The first error complained of is the ruling of the court on the objection of the plaintiff in error, to the introduction of any testimony on the part of the plaintiff, for the reason that the petition does not state facts sufficient to constitute a cause of action. This objection was based on the supposition that the petition did not allege complete performance with several conditions of the contract. But this is a mistake, as the petition does allege in express terms, in the third paragraph, "that in full compliance therewith, and under the terms and conditions of said written contract and specifications, this plaintiff did, according to the terms and conditions thereof, furnish all materials and labor necessary thereto, and as by said contract required, and did build, finish and erect and complete said church building."

The objection to the instructions numbered 1, 4, 5, 6, 8 and 11, are not well taken, because of the theory the case was tried on; if the church had relied solely on its plea for non-performance, they might have been erroneous, but under the issues as treated by both parties on the trial, they are unobjectionable.

And for exactly the same reasons, the criticisms on the other instructions complained of are not well taken.   The state of the pleadings was such that at the trial strict performance of the various conditions of the contract was not relied on as a defense, but the effort of the church was expended on the question of damages for non-performance, and it would not have been proper for the trial court to have instructed in favor of a strict compliance with all the conditions of the contract.

We think the court properly overruled the motion of the plaintiff in error for judgment on the findings.   The case was tried below on the most liberal construction of the pleadings, but here it is insisted that we must construe them with the utmost strictness, and this we decline to do.

There is no reversible error in the record, and we recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.